## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE THIRD PARTY DOCUMENT SUBPOENA TO PHILADELPHIA INDEMNITY INSURANCE CO. | Case No.: _____ |
| Consumer Financial Protection Bureau, <br><br> Plaintiff, <br> v. <br><br> Davit Gasparyan, a/k/a David Gasparyan, <br><br> Defendant. | (Action pending in United States District Court, Central District of California, Civil Action No. 2:15-cv-09692-PSG(Ex)) <br><br> [Oral Hearing Requested] |
| Consumer Financial Protection Bureau, <br><br> Plaintiff, <br> v. <br><br> D and D Marketing, Inc., d/b/a T3Leads, Grigor Demirchyan, and Marina Demirchyan <br><br> Defendants. | |
| Consumer Financial Protection Bureau, <br><br> Plaintiff, <br> v. <br><br> Dmitry Fomichev, <br><br> Defendant. | |

## DAVIT GASPARYAN'S MOTION TO QUASH SUBPOENA DIRECTED TO PHILADELPHIA INDEMNITY INSURANCE COMPANY

Pursuant to Federal Rules of Civil Procedure Rules 26 and 45, Defendant Davit Gasparyan  ("Gasparyan") moves this Honorable Court, to quash the subpoena Plaintiff Consumer Financial Protection Bureau, Inc. (the "Bureau") issued and served on Philadelphia Indemnity Insurance Co. on April 11, 2017 (the "Subpoena").  The grounds for this Motion to Quash are set forth in the accompanying Memorandum of Points and Authorities.

Pursuant to Local Rule 7(m), counsel for Gasparyan conferred with counsel for the Bureau on the basis of this Motion.  (*See* Declaration of Jim Rolfes ("Rolfes Decl."), ¶¶ 4-7, Ex. B).  In response to the Bureau's request, Gasparyan provided authority for the proposition that the Bureau's subpoena to Philadelphia Indemnity improperly seeks protected attorney work product.  (*Id.*).  Although the Bureau's counsel thereafter stated his client would consider the authority Gasparyan provided, the Bureau has not further responded to Gasparyan's attempt to resolve this matter.  (*Id.*).  Accordingly, Gasparyan anticipates that the Bureau will oppose this Motion.

Pursuant to Local Rule 7(f), counsel for Gasparyan requests oral hearing in connection with this Motion to Quash.

Dated: May 12, 2017

Respectfully submitted,
REED SMITH LLP

Maria B. Earley (D.C. Bar No. 484294)
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 - East Tower
Washington, D.C.  20005-3373
Telephone: +1 202 414 9200
Facsimile: +1 202 414 9299
Attorneys for Defendant Davit Gasparyan

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE THIRD PARTY DOCUMENT SUBPOENA TO PHILADELPHIA INDEMNITY INSURANCE CO. | Case No.: _____ |
| Consumer Financial Protection Bureau,<br><br>                Plaintiff,<br>   v.<br><br>Davit Gasparyan, a/k/a David Gasparyan,<br><br>               Defendant. | (Action pending in United States District Court, Central District of California, Civil Action No. 2:15-cv-09692-PSG(Ex)) |
| Consumer Financial Protection Bureau,<br><br>                Plaintiff,<br>   v.<br><br>D and D Marketing, Inc., d/b/a T3Leads, Grigor Demirchyan, and Marina Demirchyan<br><br>               Defendants. | |
| Consumer Financial Protection Bureau,<br><br>                Plaintiff,<br>   v.<br><br>Dmitry Fomichev,<br><br>               Defendant. | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DAVIT GASPARYAN'S MOTION TO QUASH SUBPOENA DIRECTED TO PHILADELPHIA INDEMNITY INSURANCE COMPANY

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ........................................................................................................1

II.  PROCEDURAL AND FACTUAL BACKGROUND................................................3

III. ARGUMENT.............................................................................................................5

    A.   Legal Standard on a Motion to Quash Subpoena.........................................5

    B.   The Subpoena Seeks Privileged Work Product Prepared In Anticipation of
        Litigation and Must Therefore be Quashed. ................................................6

    C.   The Subpoena Seeks Documents and Communications Between
        Gasparyan, His Counsel and His Insurer, Which are Protected y the
        Attorney-Client Privilege..............................................................................7

    D.   Plaintiff Has No Legitimate Need For The Requested Documents And Has
        Not Sought To Obtain Them Through Alternative Sources. .........................9

IV.  CONCLUSION.........................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bank of Am., N.A. v. Superior Court of Orange Cty.*,
   212 Cal. App. 4th 1076 (2013) ........................................................................................................6

*Essex Ins. Co. v. RMJC, Inc.*,
   2008 WL 2757862 (E.D. Pa. July 16, 2008).................................................................................4

*Fisher v. United States*,
   425 U.S. 391 (1976)......................................................................................................................7

*\*Lectrolarm Custom Sys., Inc. v. Pelco Sales, Inc.*,
   212 F.R.D. 567 (E.D. Cal. 2002) ...........................................................................................5, 6, 7

*\*Minebea Co. v. Papst*,
   228 F.R.D. 13 (D.D.C. 2005)........................................................................................................6

*\*U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am.*,
   2004 WL 2009413 (D.D.C. May 17, 2004) ...................................................................................7

*Rendon Group, Inc. v. Rigsby*,
   268 F.R.D. 124 (D.D.C. 2010).......................................................................................................4

*\*Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*,
   276 F.R.D. 376 (D.D.C. 2011).......................................................................................................4

*\*T.C. v. Boehringer Ingelheim Pharm., Inc.*,
   778 F.3d 142 (D.C. Cir. 2015) ......................................................................................................5

*\*Televisa, S.A. de C.V. v. Univision Communications, Inc.*,
   2008 WL 4951213 (C.D. Cal. Nov. 17, 2008)...............................................................................4

*\*U.S. Inspection Servs., Inc. v. NL Engineered Sols., LLC*,
   268 F.R.D. 614 (N.D. Cal. 2010)...................................................................................................4

*\*Unigene Labs., Inc. v. Apotex, Inc.*,
   2007 WL 2972931 (N.D. Cal. Oct. 10, 2007).................................................................................4

*United States v. Deloitte LLP*,
   610 F.3d 129 (D.C. Cir. 2010).......................................................................................................5

*\*United States v. Hsia*,
   81 F. Supp. 2d 7 (D.D.C. 2000) .....................................................................................................6

*\*Virginia Nester v. Textron*,
   2015 U.S. Dist. LEXIS 28182 (W.D. Tex 2015).............................................................................5

*Wyoming v. U.S. Dep't of Agric.*,
   208 F.R.D. 449 (D.D.C. 2002).......................................................................................................7

**Rules**

Fed. R. Civ. P. 26(b) ........................................................................................................................4

Fed. R. Civ. P. 26(b)(1)....................................................................................................................4

Fed. R. Civ. P. 26(b)(3).....................................................................................................................5

Fed. R. Civ. P. 26(b)(3)(a) ...............................................................................................................1

Fed. R. Civ. P. 26(b)(3)(A) .......................................................................................................2, 4, 5

Fed. R. Civ. P. 45 .........................................................................................................................4, 8

Fed. R. Civ. P. 45(c)(3)(A) ...............................................................................................................4

Fed. R. Civ. P. 45(c)(3)(A)(iii) .....................................................................................................1, 4

Defendant Davit Gasparyan ("Gasparyan"), by and through undersigned counsel, hereby submits this Memorandum of Points and Authorities in support of the foregoing Motion to Quash the subpoena directed to Philadelphia Indemnity Insurance Co. ("Philadelphia Indemnity"), which was issued and served by the Consumer Financial Protection Bureau, Inc. (the "Bureau") on April 11, 2017 and which is attached hereto as Exhibit A (the "Subpoena"). (*See* Declaration of Jim Rolfes ("Rolfes Decl") Decl ¶ 3, Ex. A). For the reasons that follow, the Court should quash the Subpoena pursuant to Rule 45(c)(3)(A)(iii) of the Federal Rules of Civil Procedure ("FRCP") because it improperly seeks disclosure of Gasparyan's privileged documents, which are subject to both attorney-client privilege and the work-product doctrine under FRCP Rule 26(b)(3)(a).

## I.      INTRODUCTION

Presently pending in the United States District Court for the Central District of California are the Bureau's  complaints against Gasparyan, his former employer, D and D Marketing, Inc., d/b/a T3Leads ("T3"), and three additional former or current employees and officers of T3 (collectively, the "Defendants").[1]  In each of these cases, the Bureau alleges that T3 violated the Consumer Financial Protections Act of 2010 (the "Act") when it purportedly failed to monitor and police the activities of lead generators and lenders from whom, and to whom, T3 transferred consumer-loan applications, declaring such practices "unfair" and "abusive" under the Act. In its complaint against Gasparyan, the Bureau further seeks to hold Gaspayan liable for T3's

---

[1] The Bureau filed three separate lawsuits in the United States District Court for the Central District of California against T3, Gasparyan and individual defendants Grigor Demirchyan, Marina Demirchyan and Dmitry Fomichev. *See Consumer Financial Protection Bureau v. Gasparyan*, CV 16-2725 PSG (Ex); *Consumer Financial Protection Bureau v. D and D Marketing, et al*, CV 15-9692 PSG (Ex); and *Consumer Financial Protection Bureau v. Fomichev*, CV 16-2724 PSG (Ex).  The cases were consolidated for pretrial purposes on April 4, 2017.

conduct based upon the Bureau's contention that he purportedly "knowingly" or "recklessly" provided substantial assistance to T3 in connection with T3's alleged failure to monitor.  In connection with this action, and before issuing discovery to Gasparyan or any of the other Defendants, the Bureau issued a third party subpoena to Philadelphia Indemnity – the insurance company which accepted coverage of the Defendants' defense in these matters – that seeks "information relating to legal proceedings concerning T3, including, but  not limited to, correspondence, reports and analyses" as well as "correspondence, reports, and analyses" about the underlying litigation.  (*Id.*).

Federal Rules of Civil Procedure 26(b)(3)(A) prohibits discovery of "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's ***attorney***, consultant, surety, indemnitor, ***insurer***, or agent.)" (emphasis added).  Further, under the joint defense doctrine, the attorney-client privilege protects communications between an insurer, its insured and their joint counsel. The Bureau's demand that Philadelphia Indemnity produce "correspondence, reports, and analyses" about the T3 related litigation clearly includes documents and correspondence that were exchanged between Gasparyan, Philadelphia Indemnity, and counsel appointed by Philadelphia Indemnity to defend Gasparyan.  Accordingly, the Subpoena seeks documents that are protected by the attorney-client privilege and the work product doctrine.  Moreover, when asked what type of materials it sought from Philadelphia Indemnity, the Bureau conceded that if the insurer had material evidencing Gasparyan's discussions with his counsel, or his counsel's mental impressions and analysis of the case, the Bureau wanted to obtain them.  Thus, rather than seek legitimate discovery related to its claims, the Bureau has designed its Subpoena to invade Gasparyan's protected communications, create make-work and harass Gasparyan. As the Bureau

has no basis to invade Gasparyan's protected communications with his insurer, the Court should quash the Subpoena.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

On April 21, 2016, the Bureau filed a complaint in the United States District Court for the Central District of California asserting that Gasparyan, a founder and former officer and employee of T3, knowingly or recklessly assisted T3, when T3 purportedly violated the Act by failing to monitor and police the activities of lead generators and lenders from whom, and to whom, T3 transferred consumer-loan applications – a practice the Bureau claims is "unfair" and "abusive" under the Act. *See gen'l* Compl. for Violations of the Consumer Financial Protection Act of 2010 (Dkt. 1) 2:16-cv-02725 (C.D. Cal.).

As a result of this lawsuit, Gasparyan made an insurance claim with Philadelphia Indemnity, which in turn, accepted coverage to defend Gasparyan. (*See* Declaration of Davit Gasparyan ("Gasparyan Decl.") at ¶¶ 4-5). Thereafter, the Bureau amended its complaint (Dkt. 30), Gasparyan moved to dismiss that complaint (Dkt. 31) and the Court denied that motion. (Dkt. 39).

On April 4, 2017, the Court granted Gasparyan's motion to consolidate for pre-trial purposes Gasparyan's case with the two pending cases filed against the other Defendants, and directed the parties to file subsequent pleadings and motions under the caption and case number of the first-filed case, namely, *CFPB v. D and D Mktg. et al.*, CV 15-9692 PSG (C.D.Cal.).

On April 6, 2017, the Bureau and the Defendants held a 26(f) conference. (Rolfes Decl. ¶ 2). Five days later, on April 11, 2017, and prior to the parties engaging in any formal discovery

among themselves,[2] the Bureau issued its first discovery request in this case: a third party

subpoena to Philadelphia Indemnity seeking "all documents… relating to liability insurance

coverage of T3" and "all documents… relating to legal proceedings concerning T3, including but

not limited to, correspondence, reports, and analyses." (*Id.* at ¶ 3, Ex. A).  In that Subpoena, the

Bureau defined "T3" to include Gasparyan. (*Id.*).  Accordingly, the Subpoena seeks documents

in Philadelphia Indemnity's possession related to Gasparyan's insurance coverage and the

Bureau's lawsuit against him.

On April 19, 2017, Gasparyan's counsel conferred with the Bureau's counsel regarding

the Bureau's basis for issuing the Subpoena, and in particular asked what specific type of

information the Bureau sought from Gasparyan's insurer.  (*Id.* at ¶¶ 4, 7, Ex. B).  The Bureau's

counsel refused to articulate any specific type or category of documents related to a claim or

defense asserted in the Gasparyan litigation, and instead repeatedly referred to the Subpoena and

its demand for all documents related to the T3 litigations including "all correspondence, reports

and analyses." (*Id.*)  When further pressed, the Bureau's counsel admitted the Bureau likely

would eliminate the need for Philadelphia Indemnity to produce purely administrative

correspondence, and conceded that if the insurer had material evidencing Gasparyan's

discussions with his counsel, or his counsel's mental impressions and analysis of the case, the

Bureau wanted to obtain them.  (*Id.*).  Subsequent to that conversation, Gasparyan's counsel

provided the Bureau's counsel with authority for the proposition that communications among an

insured, its insurer and it counsel represented protected work product under FRCP 26 (b)(3)(A).

(*Id.* at ¶¶ 5, 7, Ex. B).  While the Bureau's counsel indicated the Bureau would consider this

---

[2] The parties have yet to exchange discovery and are currently working to determine its scope.
The Court continued the May 1, 2017 Status Conference to June 2, 2017 so that the parties can
meet with the assigned magistrate judge on May 26, 2017 and  determine the  scope of discovery
in this case.

authority, the Bureau has not provided any further response or otherwise limited its subpoena. (*Id.* at ¶¶ 6, 7, Ex. B).

## III.   ARGUMENT

### A.   Legal Standard on a Motion to Quash Subpoena

The scope of discovery under Rule 45, which governs subpoena practice, is not unlimited. *Essex Ins. Co. v. RMJC, Inc.*, 2008 WL 2757862, at *1 (E.D. Pa. July 16, 2008). Rule 45 must be read in light of Rule 26(b), which "defines and governs the scope of discovery for all discovery devices," *Rendon Group, Inc. v. Rigsby*, 268 F.R.D. 124, 126 (D.D.C. 2010), and "which restricts discovery to 'any nonprivileged matter that is relevant to any party's claim or defense . . . .'" *Essex Ins. Co.*, 2008 WL 2757862, at *1 (quoting Fed. R. Civ. P. 26(b)(1)).

Rule 45(c)(3)(A)(iii) further provides that on a timely motion, a district court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A); *Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.,* 276 F.R.D. 376, 382 (D.D.C. 2011). "A party has standing to move to quash a subpoena only if it alleges that the information sought is privileged or the subpoena subjects the moving party to undue burden." *Televisa, S.A. de C.V. v. Univision Communications, Inc.*, 2008 WL 4951213 (C.D. Cal. Nov. 17, 2008)*; see also Unigene Labs., Inc. v. Apotex, Inc.*, 2007 WL 2972931, at *4 (N.D. Cal. Oct. 10, 2007) (granting defendant's motion to quash third-party subpoena on the basis of attorney-client privilege); *U.S. Inspection Servs., Inc. v. NL Engineered Sols., LLC*, 268 F.R.D. 614, 617 (N.D. Cal. 2010) (granting plaintiff's motion to quash third-party subpoena on the basis of work-product privilege).

Here, as discussed below, the Philadelphia Indemnity Subpoena runs afoul of this protection and it therefore should be quashed.

**B.     The Subpoena Seeks Privileged Work Product Prepared In Anticipation of Litigation and Must Therefore be Quashed.**

"Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other *party's attorney*, consultant, surety, indemnitor, *insurer*, or agent." Fed. R. Civ. P. 26(b)(3)(A) (emphasis added). Protected work product includes documents (1) prepared in anticipation of litigation or trial and (2) made by or for the party asserting the work product protection or his representative. *Id.* "When considering whether a document is prepared 'in anticipation of litigation," a court must "employ[] a 'because of' test, inquiring 'whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" *T.C. v. Boehringer Ingelheim Pharm., Inc.*, 778 F.3d 142, 149 (D.C. Cir. 2015) (quoting *United States v. Deloitte LLP*, 610 F.3d 129, 137 (D.C. Cir. 2010)). Further, multiple courts have found that communications between an insured and his insurer meet the definition of protected work product. *See e.g., Lectrolarm Custom Sys., Inc. v. Pelco Sales, Inc.*, 212 F.R.D. 567, 571 (E.D. Cal. 2002). As the *Lectrolarm* court articulated:

> Given the nature of the relationship between [insurer] and [insured], the content of the communications is far more likely to contain summaries, analysis, mental impressions and conclusions of [insured's] counsel than factual information relating to the underlying claims. Such information is traditionally protected as attorney work product under Federal Rule of Civil Procedure 26(b)(3) and not discoverable.

*Id.*; *see also Virginia Nester v. Textron*, 2015 U.S. Dist. LEXIS 28182, *16 (W.D. Tex 2015) (finding that Federal Rule of Civil Procedure 26(b)(3) protected communications between defendant's insurer and outside counsel from disclosure).

The entire relationship between Gasparyan (and for that matter the other Defendants) and Philadelphia Indemnity relates to obtaining coverage for Gasparyan's defense of the claims the

Bureau asserts in the California litigation, and developments in that case once Philadelphia

Indemnity accepted coverage.  All communications between Gasparyan, his attorneys and this

insurer all came about solely "because of" this litigation.  All such documents were made *by* and

*for* Gasparyan and/or his representatives and contain summaries, analysis, mental impressions

and conclusions of [insured's] counsel.  These documents are protected work-product.

Accordingly, Gasparyan's Motion to Quash must be granted.

### C.   The Subpoena Seeks Documents and Communications Between Gasparyan, His Counsel and His Insurer, Which are Protected by the Attorney-Client Privilege.

The joint defense doctrine "permits a client to disclose information to her attorney in the

presence of joint parties and their counsel without waiving the attorney-client privilege and is

intended to preclude joint parties and their attorneys from disclosing confidential information

learned as a consequence of the joint defense without permission." *United States v. Hsia,* 81 F.

Supp. 2d 7, 16 (D.D.C. 2000).  "[T]he rule applies not only to communications subject to the

attorney-client privilege, but also to communications protected by the work-product doctrine."

*Minebea Co. v. Papst*, 228 F.R.D. 13, 16 (D.D.C. 2005).

> Where an insurer has agreed that it has a duty to defend and to indemnify
> its insured, they are both clients of the lawyer.  The lawyer is retained to
> defend both in the underlying action and the attorney client privilege
> applies to protect communications between the lawyer and the insurer.

*Lectrolarm Custom Sys., Inc.*, 212 F.R.D. at 571 (finding that communications between an

insurer and insured that related to the litigation were protected by attorney-client privilege).

Similarly, these communications are protected under California law (the state in which this case

was filed, where Gasparyan resides and from which he communicated with Philadelphia

Indemnity). *See Bank of Am., N.A. v. Superior Court of Orange Cty.*, 212 Cal. App. 4th 1076,

1091 (2013) (explaining that an insurer, counsel provided by the insurer, and the insured had a

tripartite relationship and therefore based on the joint defense doctrine, communications between the three were privileged).

Here, the Subpoena is broadly seeking all documents... "relating to legal proceedings concerning T3." This request therefore includes correspondence and legal analyses that were shared among Gasparyan, Gasparyan's counsel, and Philadelphia Indemnity regarding this underlying matter. Furthermore, these types of documents go to the very essence of what is protected by the attorney-client privilege and, thus to force their disclosure, would deter communications between an attorney and his or her client. *See e.g. Lectrolarm Custom Sys., Inc.,* 212 F.R.D. at 751. "The purpose of the [attorney-client] privilege is to encourage clients to make full disclosure to their attorneys." *Fisher v. United States,* 425 U.S. 391, 403 (1976). "As a practical matter, if the client knows that damaging information could more readily be obtained from the attorney following disclosure than from himself in the absence of disclosure, the client would be reluctant to confide in his lawyer and it would be difficult to obtain fully informed legal advice." *Id.*

If Philadelphia Indemnity were required to produce the documents requested in the Subpoena, it would impermissibly stifle communications between an insured and his lawyer. In fact, the court in *Lectrolarm,* found that similar requests for communications between an insurer, an insured, and their counsel were so obviously protected by attorney-client and work product privileges that the requests must have been made "for the improper purpose of harassment and obtaining information to which [the requesting party] is clearly not entitled*." Id.* at 569. Gasparyan's Motion to Quash must be granted.

/ / /

/ / /

- 8 -

**D.    Plaintiff Has No Legitimate Need For The Requested Documents And Has Not Sought To Obtain Them Through Alternative Sources.**

Prior to filing this Motion, Gasparyan's counsel conferred with the Bureau regarding the Bureau's basis for issuing the Subpoena.  In these communications, the Bureau's counsel refused to articulate any specific type or category of documents that were related to a claim or defense asserted in the Gasparyan litigation.  (Rolfes Decl. ¶¶ 4-7, Ex. B).  Further, even if the Bureau could establish that it had a legitimate need for this information, since this Subpoena was the Bureau's first formal discovery request, it certainly cannot establish that it could not obtain the requested documents elsewhere.  *See U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am.*, 2004 WL 2009413, at *6 (D.D.C. May 17, 2004) (denying motion to compel production of documents pursuant to a subpoena because the documents fell under work product and attorney-client privileges and because the party "have shown neither a lack of alternative resources nor substantial need"); *Wyoming v. U.S. Dep't of Agric.*, 208 F.R.D. 449, 454 (D.D.C. 2002) ("In short, the documents are irrelevant to the plaintiff's claim. In addition, the discovery sought is obtainable from another source that is more convenient, less burdensome, and less expensive.").

The Bureau's counsel has admitted that the Bureau is not interested in obtaining purely administrative correspondence and is only concerned with documents evidencing Gasparyan's discussions with his counsel, or his counsel's mental impressions and analysis of the case.  (*Id.*, Ex. B).  Thus, the Bureau is only interested in the documents that fall squarely within both the attorney-client and work product privileges.  Further, the Bureau has not even attempted to obtain these documents through other means of discovery and has been unable to articulate a single legitimate reason for requesting these documents.  Under these circumstances, Rule 45 provides that this Subpoena <u>must</u> be quashed.

/ / /

## IV.   CONCLUSION

For the forgoing reasons, Davit Gasparyan respectfully requests that this Court quash the Subpoena served on Philadelphia Indemnity.

Dated: May 12, 2017

Respectfully Submitted,

Maria B. Earley (D.C. Bar No. 484294)
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 - East Tower
Washington, D.C.  20005-3373
Telephone: +1 202 414 9200
Facsimile: +1 202 414 9299
Attorneys for Defendant
Davit Gasparyan

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE THIRD PARTY DOCUMENT SUBPOENA TO PHILADELPHIA INDEMNITY INSURANCE CO. | Case No.: _____ |
| Consumer Financial Protection Bureau,<br><br>                    Plaintiff,<br>      v.<br><br>D and D Marketing, Inc., d/b/a T3Leads, *et. al*,<br>                    Defendants. | (Action pending in United States District Court, Central District of California, Civil Action No. 2:15-cv-09692-PSG(Ex)) |

**O R D E R**

     **AND NOW**, this ____ day of _____, 2017, upon consideration of Davit Gasparyan's Motion to Quash the Subpoena directed to Philadelphia Indemnity Insurance Co. (served on April 11, 2017) and issued by the Consumer Financial Protection Bureau, and any response thereto, it is hereby **ORDERED** that the Motion to Quash is **GRANTED** and the Subpoena is **QUASHED**.

     **BY THE COURT:**

_____

## APPENDIX A

Pursuant to Local Rule 7(k) of the United States District for the District of Columbia,

below is the list of names and addresses of all attorneys entitled to be notified of the Court's

entry.

Barry E. Reiferson
Jade Anne Burnes
Kara K Miller
Meghan Sherman Cater
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552

Kent A. Kawakami
AUSA – Office of US Attorney
Civil Division
300 N Los Angeles Street, Suite 7516
Los Angeles, CA 90012

Leanne E. Hartmann
Consumer Financial Protection Bureau
Office of Enforcement
301 Howard Street, Suite 1200
San Francisco, CA 94105

*Attorneys for Plaintiff Consumer Financial*
*Protection Bureau*

Patrick Michael Kelly
Herbert P. Kunowski
Robert Cooper
Wilson Elser Moskowitz Edelman & Dicker
LLP
555 South Flower Street, Suite 2900
Los Angeles, CA 90071

Ashley Brooke Vinson Crawford
Akin Gump Strauss Hauer and Feld LLP
580 California Street, Suite 1500
San Francisco, CA 94104

*Attorneys for Defendants D and D Marketing,*
*Inc., Grigor Demirchyan, Marina Demirchyan*

Maria B. Earley
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 - East Tower
Washington, D.C.  20005-3373

*Attorneys for Defendant Davit Gasparyan*

Steven Barry Soltman
Thomas J Rittenburg
Soltman Levitt Flaherty and Wattles LLP
90 East Thousand Oaks Suite 300
Thousand Oaks, CA 91360

*Attorneys for Defendant Dmitry Fomichev*

Jason J. Chorley
Sedgwick LLP
333 Bush St., 30th Floor
San Francisco, CA 94104-2834

*Attorneys for non-party Philadelphia Indemnity
Insurance Company*